IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| CONVENIENCE RETAILING, LLC | * |
| Plaintiff, | * |
| v. | *  CIVIL NO.: WDQ-05-01210 |
| SMO, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

On April 22, 2005, Convenience Retailing, LLC,

("Convenience Retailing"), a Virginia limited liability company,

filed suit against SMO, Inc.,("SMO"), a Maryland corporation,

in the Circuit Court for Baltimore County, Maryland.

Convenience Retailing alleges that SMO violated the Maryland

Gasohol and Gasoline Products Marketing Act.[1] On May 3, 2005, SMO

filed a Notice of Removal, based solely upon diversity of

citizenship.  Pending is Convenience Retailing's motion to

remand to state court.  For the reasons discussed below, the

motion to remand will be granted.

STANDARD OF REVIEW

"A district court should be cautious in denying

defendants access to a federal forum because remand orders are

generally unreviewable."  *Momin v. Maggiemoo's Int'l, L.L.C.*,

_____

[1]MD. CODE ANN., COM. LAW §11-301, *et seq.* (2005).

1

205 F. Supp. 2d 506, 508 (D. Md. 2002) (*citing* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3721 (2002)).   The court also recognizes that removal jurisdiction raises significant federalism concerns, and therefore must be strictly construed.  *Id.* (*citing Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)).

ANALYSIS

In removal cases based solely upon diversity of citizenship, removal is proper only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  *See* 28 U.S.C §1441(b).   Removal to this Court, therefore, was improper because SMO is a resident of Maryland, the state in which the original state action was brought.  *See Petty v. Mullings*, 48 F.Supp. 2d 499, 500 (D..Md. 1999) (remanding case to state court where defendant was resident of the state in which the original state action was filed).

SMO attempts to circumvent the statute by now claiming that removal is proper based upon a federal question. Specifically, SMO argues in its Opposition that the Plaintiff's claim is preempted by federal law.  SMO, however, may not raise this new ground for removal in its Opposition.  *See U.S. v. Ekpin*, 214 F.Supp. 2d 703, 707 (S.D. Tex. 2002) ("Defendants clearly may not remove on grounds not even obliquely referred to

2

in the Notice of Removal").   If SMO wanted to add this new
ground to its notice, it should have filed an amendment within
the 30 day statutory period.   *See Castle v. Laurel Creek Co.*,
848 F.Supp. 62, 64 (S.D. WV 1994).

      Accordingly, the Plaintiff's motion for remand
will be granted.

CONCLUSION

      For the reasons discussed above, the Plaintiff's
motion for remand will be granted.

July 19, 2005                                      /s/
Date                                 William D. Quarles, Jr.
                                     United States District Judge